427 So.2d 1382 (1983)
In the Interest of T.T., a Minor.
No. 54079.
Supreme Court of Mississippi.
March 16, 1983.
Herman F. Cox, Gulfport, for appellant.
Joseph Gentile, Jackson, for appellee.
*1383 Before WALKER, P.J., and ROY NOBLE LEE and HAWKINS, JJ.
ROY NOBLE LEE, Justice, for the Court:
Steve Teed and Marie Teed have appealed from an order of the Family Court of Harrison County, Mississippi, directing that proceedings for the termination of parental rights as to their daughter, T.T., be instituted in the Chancery Court of Harrison County by the Harrison County Department of Public Welfare, and terminating visitation rights of Steve Teed with the minor child. Appellants have assigned two errors in the trial below, viz:
(1) The lower court erred in allowing two witnesses to express opinions about the appellants' fitness as parents during redirect examination, as this testimony was outside the scope of cross-examination.
(2) The lower court erred in directing that proceedings to terminate parental rights be instituted, since appellants had complied with all requirements of the court order and had shown improvement in their conduct.
The Harrison County Department of Public Welfare received a report to the effect that Steve Teed was sexually abusing his five-year-old daughter, T.T., and a social worker was assigned to investigate the matter. The appellants declined to permit the social worker to interview the child, but she subsequently contacted and talked to T.T. From her investigation, the social worker was convinced that there was merit in the accusation.
It is not necessary to detail the evidence in order to decide the questions presented, except to mention the testimony of two expert witnesses. Dr. Susannah Andrews, a clinical psychologist, testified that she had been working with T.T. and her mother, Marie Teed; that she had given Mrs. Teed various tests and determined her to be in the bottom 2.2% of the population in intellect; that she was of the opinion Mrs. Teed was unable to protect herself, much less T.T.; and that prognosis for improvement was poor. She was of the opinion that Mrs. Teed was mentally unfit to have custody of the child.
Dr. Kent Andrews, clinical psychologist, testified that he had examined and evaluated Mr. Teed and had seen both appellants on a professional basis eight different times; that he had spent three years working as a clinical psychologist at Atascadero State Hospital in California, where approximately sixty percent of the inmates were sexual molesters; that he was of the opinion, based on result of various tests administered, that Mr. Teed was suffering from a character disorder and was a sociopath with no sense of right or wrong; that Teed was unlikely ever to be cured and was emotionally unable to function as a responsible parent; and that, in his opinion, T.T. will be sexually abused in the future by her father, if she returned home.
Steven Teed denied that he had sexually abused the child, and both parents want the child returned to their home.

I.
Appellants contend that the lower court erred in allowing the above witnesses to express opinions about their fitness as parents. The complete answer to that contention is Mississippi Code Annotated § 43-21-603(2) (1972), which deals with procedures in Youth Court dispositionary hearings (this was a review hearing):
(2) All testimony shall be under oath unless waived by all parties and may be in narrative form. The court may consider any evidence which is material and relevant to the disposition of the cause, including hearsay and opinion evidence. At the conclusion of the evidence, the youth court shall give the parties an opportunity to present oral argument. (Emphasis added).

II.
Appellants next contend the lower court erred in directing that proceedings be instituted to terminate the parental rights of the appellants for the reasons they had not complied with all requirements set by *1384 the court and had not shown improvement in their conduct.
The record indicates that there was a substantial compliance with requirements of the lower court, but the court apparently was of the opinion, from all the evidence, that the best interest of the child required the institution of proceedings to terminate parental rights. Mississippi Code Annotated § 43-21-609 (1972) states six alternatives which the court may enter in a disposition order in neglect and abuse cases. While the section does not specifically provide, as an alternative, for ordering the filing of proceedings to terminate parental rights, the authority to do so is implicit from a consideration of the section as a whole.
Mississippi Code Annotated § 93-15-105 (1972) provides that any person, agency or institution may file for termination of parental rights with the chancery court of the county in which a defendant or the child resides, or in the county where an agency or institution holding custody of the child is located. Considering the broad authority conferred by that section, surely the Family Court, having concern for the best interest and future of a minor child, has the authority to direct the Department of Public Welfare in the county where the parties reside to institute proceedings for the termination of parental rights.
We hold that there was no error in the trial below and in the order of the Family Court of Harrison County. The institution of proceedings to terminate parental rights would necessarily have to be initiated in the proper chancery court where appellants here would have a full opportunity to appear and defend the action and the right to be represented by competent counsel. The burden of proof in such a proceeding rests upon the agency seeking to terminate parental rights, and the evidence must be clear and convincing. Natural Father v. United Methodist Children's Home, 418 So.2d 807 (Miss. 1982).
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.